FILED

JUN 0 3 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOHN DOE 101,

                    Plaintiffs,

v.

THE ARCHDIOCESE OF PORTLAND
IN OREGON and THE ROMAN
CATHOLIC ARCHBISHOP OF
PORTLAND IN OREGON,

                    Defendants.

CV 07-1131-PK

OPINION AND
ORDER

PAPAK, Magistrate Judge:

    This action was filed against defendants The Archdiocese of Portland in Oregon (the

"Archdiocese") and The Roman Catholic Archbishop of Portland in Oregon (the "Archbishop"

and, collectively with the Archdiocese, the "Archdiocesal Defendants") by fictitiously-named

Page 1 - OPINION AND ORDER

plaintiff John Doe 101 ("John") on August 2, 2007. This court has jurisdiction over John's action pursuant to 28 U.S.C. § 1334(b), based on the relatedness of these proceedings to *In re Roman Catholic Archbishop of Portland* ("*RCAP*"), 04-37154, a case arising under Title 11 of the United States Code. Specifically, this action is subject to the future claims trust provided for in the Third Amended and Restated Joint Plan of Reorganization (the "Plan") confirmed in *RCAP*, which, in relevant part, sets a $20 million cap on the total funds available to pay all claims made against the Archdiocese through 2023.

Now before the court is the Archdiocesal Defendants' unopposed motion (#68) to approve the settlement of this case and to approve payment from the future claims trust. For the reasons set forth below, the motion is granted and the settlement is approved.

The parties underwent mediation of their dispute beginning on September 23, 2008, and subsequently reported the settlement of this action as of February 16, 2009. Under the terms of the reported settlement, the Archdiocesal Defendants are required to pay John $7,500 to be used for counseling by John and/or his spouse. Such settlement amount will be held in John's attorney's trust account and disbursed to John by his attorney as needed to pay counseling fees. In the event unused funds remain as of March 1, 2011, such remaining funds will be returned to the Archdiocese on that date. Pursuant to section 6.4.5 of the Plan, the parties' settlement, and therefore payment out of the future claims trust to satisfy the Archdiocesal Defendants' obligations thereunder, is subject to this court's approval.

Section 11.8 of the Plan requires that notice of any motion to approve a settlement subject to the future claims trust be served on all plaintiffs with pending or otherwise unpaid claims against any Archdiocesal Defendant, Future Claimants Representative David A. Foraker, and

Page 2 - OPINION AND ORDER

Known Tort Claims Trustee and Future Claims Trustee Union Bank of California. Section 11.8 further provides that all notified parties must be provided at least 20 days (plus an additional 3 days if notice is served by mail) in which to file objections, if any, to any such motion.

On April 28, 2009, the Archdiocesal Defendants served the requisite notice by mail on all of the necessary parties. The period for filing objections to this court's approval of the parties' settlement lapsed May 22, 2009. No objection to the motion has been filed.

In the absence of objection by any interested party, and in consideration of the size of the payments at issue relative to the amount remaining in the future trust fund, I find no reason exists to refuse approval of the parties' settlement. The Archdiocesal Defendants' motion is therefore granted, and the parties' settlement approved.

## CONCLUSION

For the reasons set forth above, the motion (#68) to approve the settlement of this case and to approve payment from the future claims trust is granted, the settlement agreed to by the parties is approved, and payment of $7,500 from the future claims trust is authorized.

Dated this 3rd day of June, 2009.

Honorable Paul Papak
United States Magistrate Judge

Page 3 - OPINION AND ORDER